# Matthews' Adm'r *v.* Matthews.

### *Action against Administrator, on Common Counts.*

1. *When action lies against administrator.*—An action at law does not lie against an administrator, in his official capacity, in favor of one of the distributees of the estate, for services rendered in superintending the business, and taking care of the property of the estate, under an agreement made with the other distributees before the grant of letters of administration, although one of said distributees afterwards became the administrator.

2. *Variance.*—In an action against an administrator, in his official capacity, if the complaint contains only counts "for money loaned by plaintiff to defendant's intestate," "on an account stated between plaintiff and defendant," "for money paid by plaintiff for defendant's intestate at his request," and for goods sold by plaintiff to defendant's intestate, the plaintiff can not be allowed to adduce evidence of work and labor done, or care and attention bestowed by him, in and about the property and business of the estate, either at the instance of the administrator, or of the distributees.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

This action was brought by Jesse E. Matthews, against A. T. Matthews, as the administrator of the estate of Charles J. Matthews, deceased, and was revived against W. T. Hatchett, the appellant, as administrator *de bonis non.* The facts of the case were thus stated in the opinion of the court: "Appellee sued appellant's predecessor in the office of administrator of the estate of Charles J. Matthews, as administra-

[Matthews' Adm'r v. Matthews.]

tor, 'for money loaned by plaintiff to defendant's intestate;' and 'on account stated between plaintiff and defendant;' and 'for money paid by plaintiff, for defendant's intestate, at his request;' and 'for merchandise, goods, and chattels, sold by plaintiff to the defendant's intestate, during the year 1870.' The original defendant having been removed from the administratorship, the action was revived against his successor, appellant, as administrator *de bonis non*, &c. Amongst other pleas for defense, one of set-off was filed; and the jury found a verdict in favor of plaintiff, for a specified sum, 'over and above' all sums proved by way of set-off.

"On the trial, plaintiff being a witness on his own behalf, after testifying to certain claims in his favor, was asked by counsel, ' to state other services which had, as he claimed, been rendered after the death of said intestate.' In answer to a question of defendant's counsel, plaintiff said, the services referred to 'had been rendered by witness, after the death of said intestate, and at the request' of his heirs. Defendant, thereupon, objected to the giving of such testimony, on the ground that a liability could not thereby be imposed on the estate in appellant's hands, but that recourse for such services must be had to the heirs. The objection was overruled, and appellant excepted. Plaintiff then testified, that two or three days after the death of intestate, and before letters of administration on his estate were granted, he had been requested by the heirs, of whom he was himself one, to move into the house of deceased, about a quarter of a mile distant from his own place of residence, and to 'take care of the household and kitchen furniture, two mules, six head of cattle, and about twenty head of hogs,' that belonged to the estate of deceased; and that, in accordance with the request, and their promise that he 'should lose nothing by it,' he did remove to the premises, and continued to take care of them, and the furniture and other things, and to feed the cattle and other stock, with the provisions and forage left by intestate on the place, for about seven months; and that these services were worth one hundred dollars. For the defense, the former administrator, who was also one of the heirs, testified that he became administrator in chief, about fifteen days after intestate's death; that he was present at the consultation of the heirs, when it was agreed plaintiff should remove to the house of the deceased and take care of the property of the estate: that no compensation was promised to plaintiff for doing so, but the service, so far as witness understood, was to be gratuitously rendered; and that witness, as administrator, after he became so, made no con-

tract with, or request to plaintiff on the subject, though 'plaintiff continued as he had begun before letters of administration were taken out.'

"Before arguing the cause to the jury, appellant's counsel moved the court to exclude all the evidence about these services from the jury; which motion was overruled, and appellant excepted. And when the jury received the charge of the court in the case, the judge refused to give to them the following instruction, requested in writing on behalf of appellant, to-wit: 'Plaintiff can recover nothing in this action, for services rendered at the request of A. T. Matthews, former administrator, and the heirs, because such request could only bind said A. T. Matthews, or said heirs, individually, and did not bind the estate in the hands of the present administrator;' to which refusal appellant excepted. These rulings are now assigned as error."

FITZPATRICK & RUGELEY, for appellant.

L. A. SHAVER, contra.

MANNING, J.—Appellee's counsel has not furnished us with any authority, in support of the action of the judge of the City Court: and it is not in accordance with the general rule in such cases. It has long been the established law, that an administrator can not, even after his appointment, create debts, not founded on any transaction or liability of the intestate, for which a suit can be maintained against the administrator as such, and a judgment thereon be rendered, to be levied of the property of the estate. By the common law, such an action can be maintained, only to enforce a liability growing out of some transaction to which the intestate in his life time was a party, or by which he would, if the liability thereupon had matured before his death, have been himself chargeable. An administrator may contract debts for the benefit of the estate in his hands, and pay the debts out of the estate, and have the amount so paid credited to him in his accounts on settlement; but he would be suable therefor, only individually, and not as administrator, unless in a case in which such suit should be authorized by a statute; and there is no statute, authorizing such a suit in the case made by the evidence objected to in this cause, even if the administrator in chief had received his appointment and letters as such, before he joined with the other heirs in requesting the service testified about. On the contrary, it has been held, in accordance with English precedents, where, immediately after the death of a person, certain of his friends

[Haralson v. George's Executor.]

pawned his watch to the defendant, for a coffin to bury him in, which the defendant would not sell unless the price was secured, and he who afterwards became administrator, was at the time informed thereof, and did not dissent; yet he might, after he became administrator, sue the pawnee for the watch, and recover it of him.—*Jones v. Logan & McMorris,* 50 Ala. 493. Appellant, as administrator *de bonis non,* was not suable by plaintiff, for the services referred to; and the court erred in permitting the evidence thereof to go to the jury, and in refusing to give the charge requested on appellant's behalf.

2. Objection might have been made to the introduction of said evidence, for another reason also. There is no count, or clause, in the complaint, for work and labor done, or care and attention bestowed upon or about the business or property of intestate, at the request of any body—no allegations to which the evidence related.

The judgment must be reversed, and the cause remanded.

| 56 | 295 |
| 97 | 397 |

| 56 | 295 |
| f129 | 657 |

| 56 | 295 |
| 131 | 602 |

| 56 | 295 |
| 136 | 522 |